UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY DEAN, CDCR #BT-2698,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>APPELLATE DEFENDERS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-cv-2173-MMA (KSC)<br><br>**ORDER:**<br><br>**DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DENYING MOTION FOR SERVICE AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>[Doc. No. 4] |

　　David Anthony Dean ("Plaintiff") is a state prisoner proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983. Doc. No. 1. Plaintiff has not paid the civil filing fee and has instead filed a motion to proceed in forma pauperis ("IFP"). Doc. No. 2. He has also filed a Motion for issuance of the summons and service by the United States Marshal. Doc. No. 4.

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Plaintiff's IFP application does not contain the required trust fund account statement. *See* Doc. No. 2. The Court cannot grant his IFP application without the trust fund account statement containing financial information for the 6-month period immediately preceding the filing of his Complaint. *See Andrews*, 398 F.3d at 1119 ("prisoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records."), citing 28 U.S.C. § 1915(a)(1)&(2). Plaintiff's motion to proceed IFP is therefore **DENIED** and this action is **DISMISSED** without prejudice based on Plaintiff's failure to pay the civil filing and

administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

## II. MOTION FOR SERVICE

Plaintiff requests the Court issue the summons and order service of his Complaint by the United States Marshal. Doc. No. 4. Because the Court will not issue a summons for service unless and until the Complaint passes screening pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A(b), the Request is **DENIED** without prejudice as premature. *See Martirosyan v. Baries*, No. 21-cv-6433-PA-MAR, 2022 WL 2189537, at *4 (C.D. Cal. May 2, 2022) (request to issue summons premature until screening process is complete), citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The Prison Litigation Reform Act . . . require[s] the district court to dismiss in forma pauperis prisoner civil rights suits if the court determines that the action does not state a claim upon which relief may be granted.")

## III. CONCLUSION AND ORDER

Accordingly, the Court:

(1) **DENIES** Plaintiff's motion to proceed IFP [Doc. No. 2] without prejudice.

(2) **DENIES** Plaintiff's motion for service [Doc. No. 4] without prejudice.

(3) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

(4) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $405 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b). If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP within 45 days, this action will remain dismissed without prejudice based solely on his

failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: December 9, 2024

HON. MICHAEL M. ANELLO
United States District Judge