UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY DEAN, CDCR #BT-2698,<br><br>                              Plaintiff,<br><br>vs.<br><br>APPELLATE DEFENDERS, et al.,<br><br>                             Defendants. | Case No.:  24-cv-2173-MMA (KSC)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 12]<br><br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM; AND**<br><br>[Doc. No. 1]<br><br>**3) DENYING AS MOOT REMAINING MOTIONS**<br><br>[Doc. Nos. 10–11, 15, 18, 20] |

      On November 18, 2024, Plaintiff David Anthony Dean, a state prisoner proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to Proceed In Forma Pauperis ("IFP"), a motion for service, two notices of lodgment, and three declarations. Doc. Nos. 1–8.  On December 11, 2024, the Court

denied IFP, denied the motion for service, and dismissed this action without prejudice for failure to satisfy the filing fee requirement. Doc. No. 9. Plaintiff has since filed two IFP motions, a motion to add a defendant, two motions to preserve evidence, three additional notices of lodgment, a notice of correction, and a notice to add a defendant. Doc. Nos. 10–20.

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

In support of his second IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. Doc. No. 13

at 1–2.  The document shows he had an average monthly balance of $103.75 and average monthly deposits of $108.29, with an available balance of $0.00.  *Id*.  The Court therefore **GRANTS** Plaintiff's second motion to proceed IFP, Doc. No. 12, and assesses no initial partial filing fee.  *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").  The Court directs the Secretary of the CDCR or his designee to collect and forward to the Clerk of Court the $350 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).  The Court **DENIES** Plaintiff's third motion to proceed IFP, Doc. No. 18, as moot.

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Plaintiff alleges Defendant Love, his appellate counsel employed by Defendant Appellate Defenders, filed a fraudulent brief contending Plaintiff was delusional in an attempt to cover up that Plaintiff was held without a warrant and illegally seized as Plaintiff had asserted in the guilt phase of his criminal trial in case number D081767.[1] Doc. No. 1 at 2, 4: Doc. No. 1-2 at 1. Plaintiff claims that Defendant Deputy Attorney General Roberts was aware the brief was fraudulent. Doc. No. 1 at 2. He claims Defendants Appellate Court Justices McConnell, O'Rourke, and Dato, who signed the appellate court opinion, and Defendant Riverside County Superior Court Judge Malloy, were complicit in the failure to correct the trial error regarding the warrant, and that Defendants Deputy Attorneys General Cavier and Weyl were aware of and failed to correct that error. *Id.* at 3–6. Plaintiff seeks relief in the form of an injunction preventing Defendants "from further abusing plaintiff from the streets to the courts, plaintiff also

---

[1] This is a reference to the appellate court opinion on appeal of Plaintiff's conviction for burglary and assault with a deadly weapon in Riverside County Superior Court in which he pleaded not guilty by reason of insanity. *See People v. Dean*, No. D081767, 2024 WL 4578401, (Cal. Ct. App. Oct. 25, 2024). On October 25, 2024, the appellate court vacated that conviction and remanded with instructions to retry Plaintiff if he was found competent to stand trial. *Id.* at *1–2, 12.

asks for arrest/prosecution, and a stay of there 10-25-24 sesame st big bird bus fraudulently denied opinion," along with up to a billion dollars in money damages. *Id*. at 8.

Defendants Justices McConnell, O'Rourke, Dato, and Judge Malloy are immune from actions arising from the discharge of their official duties as alleged by Plaintiff here. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 . . . provides judicial officers immunity from injunctive relief even when the common law would not."). This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). Immunity is only inapplicable when the action is not taken in the judge's judicial capacity or performed in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12. Therefore, Plaintiff has not stated a claim against the judge Defendants.

Plaintiff's claims against Defendants Deputy Attorneys General Roberts, Cavier, and Weyl are barred by the doctrine of quasi-judicial immunity. Prosecutors are entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by a prosecutor in the performance of an integral part of the criminal judicial process as alleged by Plaintiff here. *See e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427–29 (1976); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quasi-judicial absolute immunity applies to attorneys general for conduct related to their state litigation duties in civil suits); *Garmon v. Cnty. of Los*

*Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (state prosecutors are absolutely immune from suit for "'initiating a prosecution' and 'presenting the State's case'") (quoting *Imbler*, 424 U.S. at 431). Thus, Plaintiff has failed to state a claim against the prosecutor Defendants.

Plaintiff has also failed to state a claim against Defendant appellate attorney Love. A public attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) ("[The appointed attorney] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."); *Garnier v. Clarke*, 332 F. App'x 416 (9th Cir. 2009) (affirming district court's sua sponte dismissal of prisoner's § 1983 claims against appointed counsel). Plaintiff has therefore failed to state a claim against his appellate counsel as well.

The only remaining Defendant, Appellate Defenders, is not a proper defendant in a § 1983 action because it is not a person within the meaning of that statute. *See Tsao*, 698 F.3d at 1138 ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a state entity is not considered a "person" under § 1983); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (holding that under § 1983, local governments and their agencies are responsible only "for their own illegal acts" and are not vicariously liable for their employees' conduct) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). As such, Plaintiff has failed to state a claim against Defendant Appellate Defenders.

Accordingly, based upon the foregoing, the Court finds that Plaintiff has failed to state a plausible claim against any Defendant and therefore that his Complaint is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(b).[2] *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because it is clear Plaintiff cannot state a claim against any Defendant, the dismissal is without leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.")

### III. MOTIONS

Plaintiff has filed a motion to include another Judge as a defendant and a notice of intent to add another Deputy District Attorney as a defendant. Doc. Nos. 10, 20. Adding either one or both as a defendant would result in their dismissal for the reasons set forth above. Thus, the Court **DENIES** the motion and notice. Plaintiff has also filed two motions to preserve evidence. Doc. Nos. 11, 15. In light of the dismissal of this action, the Court **DENIES** those motions as moot.[3]

---

[2] Plaintiff has not stated a claim for equitable relief in this action because he is seeking to have this Court interfere with ongoing criminal proceedings in the Riverside County Superior Court, which, in addition to the lack of habeas jurisdiction noted below, requires abstention. *See Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (holding that absent extraordinary circumstances, abstention under *Younger v. Harris*, 401 U.S. 37 (1971) is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings"); *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

[3] In the Complaint Plaintiff requests that this action be construed as a habeas petition if that would result in granting the relief he seeks. Doc. No. 1 at 8. This Court lacks habeas jurisdiction over a challenge to Plaintiff's conviction in the Riverside County Superior Court, which is located in the Central District of California, Eastern Division, as Plaintiff is currently incarcerated at the High Desert State Prison in Susanville, California, which is located in the Eastern District of California. *See* 28 U.S.C. § 2241(d) (providing that a petition for writ of habeas corpus challenging a state court conviction may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced). In any case, Petitioner indicates he has filed a habeas petition in the Eastern District of California which the Court notes was transferred to the

### IV. CONCLUSION AND ORDERS

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's second Motion to Proceed IFP (Doc. No. 12);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DENIES** as moot Plaintiff's third motion to proceed IFP (Doc. No. 18), his motion and notice to add defendants (Doc. Nos. 10, 20), and his motions to preserve evidence (Doc. Nos. 11, 15); and

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) without leave to amend. The Clerk of Court is directed to enter a final judgment of dismissal and close this case file.

**IT IS SO ORDERED**.

Dated: January 23, 2025

HON. MICHAEL M. ANELLO
United States District Judge

---

Central District of California. *See* Doc. No. 1 at 7, citing 24cv1173-CKD (E.D. Cal. 2024), transferred and renumbered as 24cv00973-MWC (JPR) (C.D. Cal. 2024).